JOHN FAY ET AL.

V.

CHARLES RICHARDS, ADMINISTRATOR.

*Administration — Suit on Note — Set-off — Instructions — New Trial—*
*Newly-Discovered Evidence.*

1. In a suit brought by an administrator to recover upon a promissory
note payable to his intestate, upon review of the evidence, which is conflict-
ing, this court declines to interfere with judgment for plaintiff.

2. It is proper to refuse a new trial on the ground of newly-discovered
evidence when the same is simply cumulative and insufficient to alter the
verdict.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon.
T. M. SHAW, Judge, presiding.

Messrs. SHEEN & LOVETT, I. C. EDWARDS and F. W. VOIGHT,
for appellant.

Messrs. WM. S. KELLOGG and JAMES A. CAMERON, for appel-
lee.

UPTON, J.   This suit was brought by the administrator
of the estate of Henry W. Burk, deceased, against the defend-
ants, John and Juliana Fay (husband and wife), to recover upon
a promissory note signed by the defendants, payable to said
Burk, and dated April 28, 1885, for the sum of $700, due in
one year, with interest at seven per cent.

The defendants in the court below pleaded the general
issue and several special pleas, basing their defense to the note
upon want of consideration; that it was accommodation
paper, and set-offs in notes and accounts to the amount due
upon the note declared upon.   The case was submitted to a
jury, and resulted in a judgment for the plaintiff below for
the full amount of the note, and is brought here by appeal,

seeking to set aside that judgment upon the ground, claimed by appellant, that the indebtedness was not proved, and that the set-offs were proved but were disallowed ; in other words, that the evidence does not support the verdict. It appears that on the 5th of July, 1884, Henry W. Burk, appellee's intestate, purchased of John Fay, one of the appellants, for $12,000, an undivided one-half interest in a malt-house property, machinery and implements, in the city of Peoria, paying therefor $1,200 in cash, and giving, to secure the balance of the purchase money, his three promissory notes, payable to the order of John Fay, each for the principal sum of $3,600, and due in one, two and three years respectively, after date. The payment of these notes was secured by a mortgage on the undivided half purchased by H. W. Burk of John Fay, which was duly executed, acknowledged and recorded. On the 29th of October, 1884, Burk sold his interest in said property back to Fay, receiving therefor Fay's two notes, one for $500 and the other for $700 respectively, and appellee's testimony tended strongly to show that Fay was to return to Burk the three notes for $3,600 each, secured by the mortgage, to be canceled, and it is conceded that by the agreement Burk was to convey by deed his undivided half interest to Juliana Fay, wife of John Fay.

This conveyance was executed by Burk to Juliana Fay October 29, 1884, for the expressed consideration of $12,000, and was in said deed stated to have been made subject to the mortgage above referred to, securing said three notes for $3,600 each, and recites, "which said three notes the said Juliana Fay agrees to pay." This deed was filed for record and recorded in Peoria county November 8, 1884. These three notes were, at the time of the conveyance by Burk to Mrs. Fay, in the First National Bank of Peoria, where Fay had deposited them for some purpose, and were not delivered to Burk in his lifetime, nor to his administrator since his death.

On the 14th of November, 1884, John Fay released the said mortgage, given him to secure the three $3,600-notes given by Burk, which Fay's wife had agreed to pay, as part of

the purchase money, for Burk's interest in the malt-house and by him conveyed to her, by writing a release thereof under his hand of that date on the margin of the record of the said mortgage.

The first notes of $500 and $700, given by John Fay to Henry W. Burk on the re-purchase of the malt-house, bore date October 29, 1884, no doubt, but when the same became due does not definitely appear. Some time after the last two notes were given, in the latter part of April, 1885, Burk, the payee thereof, left them with his attorney, Mr. Niehaus, of Peoria, to collect of John Fay the notes, or one of them, being then about to become due. The attorney wrote Fay a notice of that fact, and about ten days after, Burk went to the office of his attorney, took the two notes into his possession, got some advice from his attorney, went away, and shortly after returned with two other notes for the same amount—$500 and $700—with interest at seven per cent. and with time of payment extended; said last two notes being signed by John Fay and Juliana Fay, his wife; and Burk left these notes with his attorneys, the $500-note having since been paid and the $700-note being the note now in suit.

It further appears that John Fay personally wrote and sent to Burk, on the day of date thereof, the following letter:

"PEORIA, ILL., April 30, 1885.

" *Mr. Burk:* You can come to me this evening and bring your note with you, and I will pay you the interest thereon; with the other you must wait a few weeks. I will speak with you this evening.

" Truly your friend,

" JOHN FAY."

Upon the note now in suit is indorsed, in the handwriting of Burk:

"PEORIA, ILL., April 28, 1886.

" Received interest in full to date.

" HENRY W. BURK."

One of the matters of set-off offered under that plea is one of these $3,600-notes which Juliana Fay agreed to pay as part

consideration for the conveyance of the malt-house to her by Burk. The other evidence offered under that plea was a claim amounting to $764.05, for moneys claimed to have been drawn out by Burk while a member of said firm, and for taxes on partnership property during the four months of its existence, for items of interest claimed on the $12,000 mortgage notes, and some other items, to support which claims considerable testimony was heard on the part of the defendant, and which was sharply controverted by the plaintiff, which it is not necessary for us to review at greater length.

We have alluded to certain uncontroverted facts in connection with the plaintiff's evidence in the court below, contained in this record, to show the conflicting nature of the evidence, and that in cases of this character, with the evidence in this record, if the testimony and admitted facts offered by the plaintiff below would be sufficient, if standing by itself, to warrant a verdict, we ought not to disturb it.

The presentation of the note sued on under the pleadings in this case was' sufficient *prima facie* to entitle plaintiff to judgment, and we think the jury were fully justified in finding that the note was given for a good consideration, and was not accommodation paper; and in finding also that the claims offered by the defendant as counter claims were not proper existing claims to offset the amount due upon this note.

The ninth and twelfth instructions complained of, we think, were not erroneous, and are not obnoxious to the criticism made. We also think the court below did not err in refusing to grant a new trial for newly-discovered evidence. It was, at most, cumulative, and not sufficient to change the verdict. After a careful examination of this record, we fail to find any substantial error therein, and the same must be affirmed.

*Judgment affirmed.*